**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-31146
Summary Calendar

ELDRIDGE HUNTSBERRY,

Plaintiff-Appellant,

versus

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-1777

June 14, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Eldridge Huntsberry, a retired Uno cal employee, brought a claim for long-term disability against Life Insurance Company of North America ("LINA"), the claim fiduciary for the long-term disability plan. The district court granted LINA's motion for summary judgment which Huntsberry now appeals. We affirm.

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

From 1977 until his retirement in May 1997, Unocal employed Huntsberry as a mechanic. In April 1994, Huntsberry suffered an injury to his back which led him to request placement in a position which did not require heavy lifting. Nevertheless, Huntsberry continued working in the same capacity until August 17, 1995 at which time he informed Unocal that he would retire effective September 1, 1995. On September 21, 1995, Huntsberry informed Unocal that he was not going to retire. Unocal then placed him on leave with pay until October 3, 1995.

Beginning in January 1995, Huntsberyy received medical attention from three physicians and a therapist who performed a Functional Capacities Evaluation ("FCE"). Dr. Donald M. Molenaar performed a physical examination on Huntsberry and found that Huntsberry experienced leg pain, fatigue and elevated blood pressure with exercise. Dr. Molenaar temporarily certified Huntsberry for work and referred him to an orthopedic surgeon, Dr. Michael J. Duval, for further examination. Dr. Duval's examination led him to conclude that years of heavy mechanical labor was slowly causing Huntsberry to develop degenerative discs in his back. Although Dr. Duval found that a lumbosacral corset would permit Huntsberry to continue to work, he indicated that he did not think Huntsberry was ready to return to work. Dr. Duval's subsequent examinations of Huntsberry on October 10 and October 26, 1995 revealed that Huntsberry's physical therapy regimen was not producing positive results thereby reducing the likelihood of Huntsberry returning to his previous job. Unocal placed Huntsberry on sick leave with pay from October 3, 1995 through April 24, 1996, when it expired.

Huntsberry saw a third physician after he filed his claim for long term disability benefits. On April 1, 1996, Dr. Gregory Gidman examined Huntsberry upon LINA's referral. Huntsberry underwent a series of examinations including an MRI, EMG, nerve condition studies and a bone scan. The results of the EMG and the nerve condition examinations were normal but the MRI and bone scan results indicated a small focal disc protrusion. Overall, Dr. Gidman concluded that Huntsberry had reached maximum medical improvement and had no indication of any permanent physical impairment. Dr. Gidman further explained that a FCE would offer some validation of Huntsberry's

subjective complaints.

Huntsberry met Duane Lege, a physical therapist, who performed the FCE on August 14 and 15, 1996. Lege observed that Huntsberry was uncooperative, unnecessarily limiting himself and not expending full maximum effort. The therapist further described Huntsberry as demonstrating inappropriate pain behavior and engaging in extremely excessive behavior such as flailing his upper extremities; lying on the floor on several occasions; and excessive shaking and trembling of the body. Throughout the entire test, the polar heart rate monitor did not show the customary rise in heart rate associated with maximal efforts. According to the therapist, Huntsberry's sub-maximal efforts throughout the examination undermined his ability to make a recommendation on whether Huntsberry's physical abilities matched the job description of mechanic.

Upon its review of the administrative record, LINA denied Huntsberry's claim for long-term disability benefits. Huntsberry brought an action for denial of benefits under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* (1997) in state court. On September 5, 1997, the case was removed to federal district court where the court adjudicated LINA's motion for summary judgment. Finding no genuine issues of material fact, the district court granted LINA's motion for summary judgment on July 24, 1998. The court also denied Huntsberry's subsequent motion to reconsider judgment in light of this court's decision in Vega v. Life Ins. Services, Inc., 145 F.3d 673 (5th Cir. 1998). Huntsberry timely filed his notice of appeal.

DISCUSSION

We review the district court's grant of summary judgment *de novo*. See Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). This review requires the same analysis employed by the district court. See id. (citing Turnage v. General Elec. Co. 953 F.2d 206, 212 (5th Cir. 1992)). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file along with the affidavits filed in support of the motion, if any, indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.; see also, Celotex Corp. v. Catrett, 477 U.S. 317,

3

322 (1986). The essence of our review rests on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

In Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), the Supreme Court established that courts must apply a *de novo* standard of review in actions brought by ERISA plan participants who challenge the denial of benefits. However, if the plan vests the plan administrator with discretionary authority to make eligibility determinations or construe the plan's terms, we are to review for abuse of discretion. See id. We agree with the district court and find that the Unocal plan grants LINA discretionary authority to determine a plan participant's eligibility for long-term disability benefits. Accordingly, we review the LINA's denial of Huntsberry's request for benefits for abuse of discretion.

In our review for abuse of discretion, we seek to determine whether LINA acted arbitrarily or capriciously in denying benefits. See Sweatman v. Commercial Union, Ins. Co., 39 F.3d 594, 601 (5th Cir. 1994). Nothing in the record indicates arbitrary and capricious conduct on the part of LINA. On the contrary, LINA considered all of the available medical information and the FCE. Combined this information leaves no genuine issues of material fact. Despite Huntsberry's subjective complaints, which remain medically unsupported, there is no indication that he is disabled or that he otherwise qualifies for long-term disability benefits. Most telling in this regard is Dr. Gidman's observation that Huntsberry suffered no physical impairment of the whole person or exhibited objective evidence of any permanent impairment or functional limitation.

As in the court below, Huntsberry significantly relies on this court's decision in Vega. The case has been scheduled for rehearing *en banc*, see Vega v. Life Ins. Services, Inc., 167 F.3d 197 (5th Cir. 1999); consequently, the prior opinion is without precedential effect. See, 5TH CIR. R.35 ("[T]he effect of granting a rehearing en banc is to vacate the previous opinion and judgment of the Court and to stay the mandate."); see also, de Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir.), cert. denied, 516 U.S. 865, 116 S.Ct. 180 (1995). Nevertheless, unlike the court in Vega, we cannot find

that LINA conducted an unreasonably lax or bad faith investigation.  Therefore, <u>Vega</u> is inapplicable and we need not delay our adjudication of this matter pending *en banc* resolution of <u>Vega</u>.  Additionally, we summarily reject Huntsberry's argument that a conflict of interest exists which requires this court to (1) find an abuse of discretion; and (2) consider information outside the administrative record.  The possible existence of a conflict of interest does not mandate a finding of abuse or consideration of additional information.  Instead, it would require us to examine closely the actions of LINA.  Yet, even a close examination of LINA's actions fails to reveal conduct which would support the continued prosecution of this case.

## CONCLUSION

For the ascribed reasons as well as those articulated by the district court, we AFFIRM the judgment below.

6